# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID EVAN STARR,<br><br>    Defendant. | No. CR06-0013<br><br>**ORDER** |

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on February 13, 2006, at which the defendant was present and represented by Casey D. Jones. The government was represented by Assistant United States Attorney Sean Berry. The government's motion for detention is granted. The defendant is charged with possession of child pornography. The government's evidence at the detention hearing indicated that the defendant has had a series of relationships with minors that he is soliciting over the Internet. His criminal history is relatively old but still serious. He was convicted in 1982 of impersonating a public official, in 1982 of theft fifth degree, in 1984 of theft third degree, carrying weapons in 1985, theft fourth in 1985, theft second in 1987, theft fifty in 1992, and wire fraud in 1998.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be

1

based on a showing either of dangerousness or risk of flight, both are not required. <u>United States v. Fortna</u>, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. <u>United States v. Orta</u>, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. <u>United States v. Orta</u>, <u>supra</u>.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In this case, the charge in this case is serious. However, it is the defendant's solicitation of minors for the purposes of sex that causes him to be a danger to the community.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the

rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release.

Upon the foregoing,

IT IS ORDERED

1.      That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.      The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

February 28, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT