**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID EVAN STARR,<br><br>    Defendant. | No. 06-CR-13-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.*  *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.* *PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.* *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.* *OBJECTIONS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.* *THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
  *A.* *Objections to Factual Findings* . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *1.* *Guns* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *2.* *Exhibit A* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *3.* *Scope of Consent* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
  *B.* *Objections to Conclusions of Law* . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *1.* *March 16, 2005 Search* . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *2.* *February 10, 2006 Search* . . . . . . . . . . . . . . . . . . . . . . *7*
  *C.* *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

*VI.* *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

## I. INTRODUCTION

Before the court are Defendant's Objections (docket no. 52) to Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 45), which recommended denying Defendant's Motion to Suppress (docket no. 30).

## II. PRIOR PROCEEDINGS

Defendant is charged in a nine-count indictment with three counts of Sexual Exploitation and Attempted Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e), two counts of Receipt and Attempted Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and four counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Third Superseding Indictment (filed June 21, 2006, docket no. 48).

On May 1, 2006, Defendant filed the instant Motion to Suppress. On May 8, 2006, the government filed a Resistance. On May 18, 2006, Magistrate Judge Jarvey held a hearing ("Hearing") on the Motion to Suppress. On June 12, 2006, Magistrate Judge Jarvey issued a Report and Recommendation, which recommended denying Defendant's Motion to Suppress. On June 26, 2006, Defendant filed the instant Objections to the Report and Recommendation.

## III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Because Defendant has made timely and specific objections in this case, the following *de novo* review is required. *Id.*

## IV. OBJECTIONS

Defendant objects to three findings of fact and two conclusions of law in the Report and Recommendation. Defendant objects to Magistrate Judge Jarvey's factual findings that (1) Amanda Starr "told the police that [Defendant] had guns"; (2) Amanda Starr "gave the police all of the materials photographed in Defendant's Exhibit A"; and (3) Defendant "gave written consent to search his residence" and "the words 'closet' and 'roll of film' were specifically added to the consent form because the closet was locked and the roll of film was found in a locked briefcase." Defendant objects to Magistrate Judge Jarvey's legal conclusions that (1) the March 16, 2005 search of the items provided to law enforcement by Amanda Starr was lawful and (2) the February 10, 2006 search of Defendant's residence was lawful.

## V. THE MERITS

### A. Objections to Factual Findings

#### 1. Guns

Defendant claims the Report and Recommendation incorrectly states that, on March 16, 2005, Amanda Starr "told the police that he had guns." Defendant points out that, at the Hearing, Detective Lance Miller only testified that Amanda Starr told him that Defendant "had threatened her with a gun."

The court finds that Amanda Starr told Detective Miller that Defendant had threatened her with a gun. Detective Miller only testified about one gun, i.e., the gun in the threat, not multiple guns.

Accordingly, the court shall sustain Defendant's first objection to Magistrate Judge Jarvey's factual findings. Although the court sustains this objection, the court finds that this erroneous factual finding is irrelevant to the disposition of the Motion to Suppress and provides no basis for rejecting the legal conclusions in the Report and Recommendation.

3

Defendant is charged with sex crimes against children, not possession of guns.

## 2. *Exhibit A*

Defendant claims the Report and Recommendation incorrectly states that, on March 16, 2005, Amanda Starr "gave the police all of the materials photographed in Defendant's Exhibit A." Defendant points out that, at the Hearing, Detective Miller testified that Amanda Starr did not bring him a red notebook on March 16, 2005, and such notebook is photographed in Exhibit A.

At the Hearing, Detective Miller testified that Amanda Starr did not bring him the red notebook photographed in Exhibit A on March 16, 2005. Detective Miller testified that the red notebook has an orange sticker on it. The orange sticker indicates that the red notebook was collected at a later time.

Accordingly, the court shall sustain Defendant's second objection to Magistrate Judge Jarvey's factual findings. Although the court sustains this objection, the court finds that this erroneous factual finding is irrelevant to the disposition of the Motion to Suppress and provides no basis for rejecting the legal conclusions in the Report and Recommendation.

## 3. *Scope of Consent*

Defendant claims the Report and Recommendation incorrectly states that, on February 10, 2006, Defendant "gave written consent to search his residence" and, later, added "the words 'closet' and 'roll of film' . . . to the consent form because the closet was locked and the roll of film was found in a locked briefcase." Defendant points out that he testified at the Hearing that he wrote in the word "closet" to limit the officers' search to a closet and that he wrote in the word "roll of film" to indicate that the officers could keep a roll of film found in his briefcase. Defendant testified that "[o]therwise, why would I bother writing in 'closet' [if] it was, you know, 'you could search my house'?"

4

The court finds Detective Miller's testimony credible and Defendant's testimony not credible. As Magistrate Judge Jarvey found:

> [N]o reasonable officer under the circumstances would have understood that [Defendant] was so limiting his consent. The search was already in progress and [D]efendant had consented to a search of the entire residence. Further, the words 'closet' and 'roll of film' were specifically added to the consent form because the closet was locked and the roll of film was found in a locked briefcase. Out of an abundance of caution, the officers wanted those specific items added to clarify that they were included within [Defendant's] permission to search.

The court finds that Defendant consented to a complete search of his residence, including the closet and the roll of film.

Accordingly, the court shall overrule Defendant's third objection to Magistrate Judge Jarvey's factual findings.

### B. Objections to Conclusions of Law

#### 1. March 16, 2005 Search

Defendant objects to Magistrate Judge Jarvey's legal conclusion that the March 16, 2005 search of the items provided to law enforcement by Amanda Starr was permissible.[1] Defendant concedes that Amanda Starr's initial perusal and gathering of the items she brought to the police station would, as a so-called "private search," justify the presence of the items in police hands. The Supreme Court has "consistently construed [the Fourth Amendment] as proscribing only governmental action; it is wholly inapplicable 'to a search or a seizure, even an unreasonable one, effected by a private individual 'not acting as an agent of the Government or with the participation or knowledge of any governmental

---

[1] In the Motion to Suppress, Defendant's counsel euphemistically refers to the items as a "box of goodies."

official.'" *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)).  There are no allegations or evidence that Amanda Starr was acting as a government agent or with the participation or knowledge of any governmental official when she brought the items to law enforcement.

Instead, Defendant points out that, even in private search cases, an ensuing police intrusion must "stay within the limits of the private search." *United States v. Miller*, 152 F.3d 813, 815 (8th Cir. 1998) (citing *Jacobsen*, 466 U.S. at 420).  "[T]he legality of later governmental intrusions 'must be tested by the degree to which they exceeded the scope of the private search.'" *Id.* (quoting *Jacobsen*, 466 U.S. at 815).  Defendant claims Detective Miller exceeded the scope of Amanda Starr's private search when he opened various albums and envelopes and watched videos.

When Amanda Starr gave the items to Detective Miller, she told him that she had already examined them.  The court credits her explanation, because she described the contents of the items in detail to police.  Because the subsequent examination of the items by the police did not exceed the scope of Amanda Starr's private search, the police search is valid.  *See id.* at 816 (holding search was valid because "the police intrusion went no further than [the private search]."); *United States v. Mithun*, 933 F.2d 631, 634 (8th Cir. 1991) (similar).  All of the cases cited by Defendant are distinguishable from this case, because in those cases the police exceeded the scope of the private search.  *See Walter*, 447 U.S. at 657 (holding unlawful expansion of private search where private party had not viewed films but police did); *United States v. Haes*, 551 F.2d 767, 771 (8th Cir. 1977) (same); *State v. von Bulow*, 475 A.2d 995, 1015 (R.I. 1984) (holding extensive chemical testing of pills unlawfully expanded upon private search that delivered those pills into police hands).

Defendant rejoins that Magistrate Judge Jarvey should not have found Amanda Starr

6

credible. For example, Defendant's counsel writes that "[a]n estranged, adulterous spouse who brings in a box of contraband, claiming it belongs to her cuckolded husband, should merit little, if any, trust." Detective Miller testified that he did consider Amanda Starr's potential motives when deciding whether she was a reliable informant, but he ultimately found her to be credible because of the amount of detail she provided him about the contents of the items. Magistrate Judge Jarvey credited this analysis, and, in its *de novo* review of the record, so does the court.

Accordingly, the court shall overrule Defendant's first objection to Magistrate Judge Jarvey's conclusions of law.

### *2. February 10, 2006 Search*

Defendant objects to Magistrate Judge Jarvey's legal conclusion that the February 10, 2006 search of Defendant's residence was a permissible consent search. In its *de novo* review, the court has already found that Defendant consented to a search of his entire residence and, once the search was already in progress, specifically consented to a search of his closet and roll of film. Because Defendant consented to the search of his entire residence, his constitutional right against warrantless searches was not violated when the police subsequently searched his residence. *See, e.g., United States v. Weston*, 443 F.3d 661, 667-68 (8th Cir. 2006) (holding warrantless search was valid because of consent) (citing, in part, *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)).

Accordingly, the court shall overrule Defendant's second objection to Magistrate Judge Jarvey's conclusions of law.

### *C. Conclusion*

The court shall sustain in part and overrule in part Defendant's Objections to the Report and Recommendation. Because the sustained portion of Defendant's Objections are irrelevant to the disposition of Defendant's Motion to Suppress, the court shall adopt the

substance of the Report and Recommendation. The court shall deny the Motion to Suppress in its entirety.

## *VI. DISPOSITION*

**IT IS THEREFORE ORDERED**:

(1) Defendant's Objections (docket no. 52) are **SUSTAINED IN PART AND OVERRULED IN PART**;

(2) Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 45) is **ADOPTED**;

(3) Defendant's Motion to Suppress (docket no. 30) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 28th day of June, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA