IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID EVAN STARR,<br><br>Defendant. | No. CR 06-0013<br><br>ORDER REGARDING RETURN OF PROPERTY |

This matter comes before the Court on the Motion for Return of Property (docket number 130) filed by the Defendant pro se on January 22, 2008, and the Response (docket number 131) filed by the Government on January 29, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

In his Motion, Defendant David Evan Starr asks the Court to enter an order directing authorities "to release photos of pets, family & friends to him that are not case-related." In addition, Defendant asks that authorities be required "to provide me with copies of all lists of items taken from my residence & place of employment."

In its Response to Defendant's Motion, the Government notes that Defendant was only recently sentenced and his appeal is still pending. The Government argues that the Motion is premature, because "[s]ome of the non-contraband items seized have evidentiary value and will not be returned until defendant's case has been finally resolved." The Motion states, however, that some items have already been made available "for collection by defendant's representative." Apparently, some of those items were retrieved and others were not.

Citing FEDERAL RULE OF CRIMINAL PROCEDURE 41(g), the Government argues that the Motion should be denied "because defendant has not articulated how he is aggrieved

1

by 'an unlawful search and seizure of property or by the deprivation of property.'" The Government notes that Defendant's Motion to Suppress was denied.

Even if Defendant's Motion to Suppress was denied, however, it does not necessarily follow that all property seized is subject to forfeiture or otherwise properly retained by the Government. "Generally, a motion for return of property is properly denied (1) if the defendant is not entitled to lawful possession of the seized property, (2) if the property is contraband or subject to forfeiture, or (3) if the government has a continuing evidentiary need for the property." *United States v. Willson*, 8 Fed. Appx. 593, 594 (8th Cir. 2001). The Government has the burden of proof to justify its continued possession of the property. *Id.*

Obviously, Defendant is not entitled to the return of any contraband. In addition, Defendant is not entitled to the return of any photos that are case-related or have evidentiary value, until all of his post-conviction remedies are exhausted. If governmental authorities have possession of any photos which do not have evidentiary value and are not case-related, and if possession of the photos is not otherwise prohibited by law, then the Court believes that those photos should be returned to Defendant.

The Government does not object to Defendant receiving copies of the lists of items seized from his home and office, but suggests that those be obtained from Defendant's counsel. Attorney Anne M. Laverty represented Defendant in the District Court and it is the Court's understanding that Ms. Laverty continues to represent Defendant on his appeal. Since copies of the lists sought by Defendant are apparently in the possession of his attorney, the Court finds that he can simply obtain those documents from her.

### ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Produce (docket number 130) is hereby **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Government shall return to Defendant any photographs which are not case-related, have no evidentiary value, and possession of which is not otherwise prohibited by law.

2. The lists of seized property may be obtained by Defendant directly from his attorney.

DATED this 4th day of February, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA